CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
11/9/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WILLIAM TOWNSLEY WADE JR., Plaintiff, | Civil Action No. 5:26-cv-00072 |
| v. | **MEMORANDUM OPINION** |
| HARRISONBURG POLICE DEPARTMENT, Defendant. | By: Hon. Thomas T. Cullen, United States District Judge |

Plaintiff William Townsley Wade Jr., proceeding *pro se*, commenced this action by filing a complaint against the Harrisonburg Police Department ("HPD"). (*See* Compl. [ECF No. 1].) Although Wade's complaint lists only the HPD as a defendant, the caption of a subsequent pleading also includes the City of Harrisonburg ("City"). (*See* Notice of Claim [ECF No. 3].) Because *pro se* complaints must be construed liberally, the court will assume that Wade intended to name the City as a defendant. He asserts Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983, as well as various claims under state law. (*See generally* Compl.; Notice of Claim.)

The case is before the court on Wade's motion for leave to proceed *in forma pauperis*. (ECF No. 2.) Because the court finds that Wade's application satisfies the necessary standard, the court will grant his motion. But after undertaking its independent duty to screen initial filings under 28 U.S.C. § 1915(e), the court will dismiss the action in its entirety.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The following facts are taken from Wade's complaint and other filings. At this stage of the proceedings, the court accepts the factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On or about February 4, 2025, the HPD conducted a search of Wade's home—which he shares with his son, Frank Wesley Wade—as part of an investigation of Frank. (Notice of Claim § 1; Compl. Attach. 1 § II [ECF No. 1-1]; Compl. § III.1.) Because Frank was in custody at the time of the search, William was at home alone. (Compl. Attach. 2 § 1 [ECF No. 1-2].) William alleges that the HPD "deployed a heavily armed SWAT team to execute a search warrant" during which they "aggressively battered down" and "completely destroyed the rear entry door of the home." (Compl. § III.3–4.)

William (hereinafter, "Wade") claims that he was subjected to "unreasonable police brutality" and "heavy-handed tactical action" during which he was "physically forced into handcuffs[] and unlawfully detained." (Notice of Claim § 2.) Wade further alleges that he was "subjected . . . to extreme physical terror" and that the search yielded no weapons or other contraband. (Compl. Attach. 1 § II; Compl. Attach. 2 § 1.)

Wade initiated this action against the HPD (and presumably the City) on June 2, 2026. (*See* ECF No. 1.) He asserts Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983, as well as supplemental state-law claims for property damage, gross negligence, false imprisonment, intentional infliction of emotional distress, and battery. (*See generally* Compl.; Compl. Attach. 1, Compl. Attach. 2; Notice of Claim.)

## II. Standard of Review

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the court has a duty to screen initial filings. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). When screening, the court should liberally construe the filings of *pro se* litigants and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even a *pro se* complaint must still state a plausible claim for relief, *see Ashcroft*, 556 U.S. at 679, and the court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those that apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Therefore, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the

elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

## III. DISCUSSION

### A. Claims Under § 1983

Wade seeks relief under 42 U.S.C. § 1983, which "provides a federal cause of action to redress constitutional harms committed under color of state law." *Smith v. Travelpiece*, 31 F.4th 878, 882–83 (4th Cir. 2022). The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." *Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1. The HPD

Wade's claims against the HPD must be dismissed because police departments in Virginia are not subject to suit. "The capacity of a government body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 113–14 (4th Cir. 1981); *see also* Fed. R. Civ. P. 17(b). "Under Virginia law, which applies in this context, an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued." *Smith v. Town of S. Hill*, 611 F. Supp. 3d 148, 167 (E.D. Va. 2020) (internal quotation marks and alterations omitted). Courts have consistently concluded that "nothing in Virginia law recognizes municipal police departments as entities separate from their respective

municipalities." *Id.* (internal quotation marks omitted). Consequently, any claims under § 1983 against the HPD must be dismissed because this defendant does not have the capacity to be sued separately from the City.

**2. The City**

As noted above, the court construes Wade's complaint to include the City as a defendant. (*See* Notice of Claim.) "To hold a municipality liable for a constitutional violation under § 1983, a plaintiff must show that the execution of a policy or custom of the municipality caused the violation." *Misjuns v. City of Lynchburg*, 139 F.4th 378, 384 (4th Cir. 2024). This form of liability is referred to as *Monell* liability. *Id.* (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). The municipal policy or custom required for *Monell* liability can arise in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Id.* (quoting *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003)). To survive the pleading stage, "a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Henderson v. Harris Cnty.*, 51 F.4th 125, 130 (5th Cir. 2022) (internal quotation marks omitted); *see also Blair v. Appomattox Cnty. Sch. Bd.*, 147 F.4th 484, 492 (4th Cir. 2025) (concluding that the district court properly dismissed a *Monell* claim premised on conclusory allegations).

Here, Wade's complaint broadly references "an egregious pattern of constitutional violations" and a "severe pattern of state-actor misconduct." (Compl. Attach. 1 at 1). These bare, conclusory allegations are plainly insufficient to state a plausible claim for relief. And to the extent the allegations are based solely on Wade's own experience, "[s]poradic or isolated violations of rights will not give rise to *Monell* liability; only 'widespread or flagrant' violations will." *Johnson v. Balt. City*, 163 F.4th 808, 822 (4th Cir. 2026) (quoting *Owens v. Baltimore City State's Att'y's Office*, 767 F.3d 379, 402 (4th Cir. 2014)); *see also Misjuns*, 139 F.4th at 386 (concluding that a plaintiff who "alleged none other than his own experience" failed to adequately plead the type of "persistent and widespread practice" necessary to establish a municipal custom). Accordingly, in the absence of more specific allegations of a widespread practice of unconstitutional conduct, the complaint fails to state a claim for municipal liability under *Monell*.

**B. Claims Under State Law**

Wade's complaint also includes several claims under state law. Because the only federal claims asserted in the complaint are subject to dismissal for failure to state a claim, the court declines to exercise supplemental jurisdiction over the state-law claims and will dismiss those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *Williams v. Mitchell*, 122 F.4th 85, 92 (4th Cir. 2024) ("Generally, when a district court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." (internal quotation marks omitted)).

## IV. CONCLUSION

For the reasons discussed above, the court will grant Wade's application to proceed *in forma pauperis*, but it will dismiss the complaint without prejudice.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Wade.

**ENTERED** this 9th day of November, 2026.

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE